IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**10,052, LLC**   **PETITIONER**

**v.**   **CASE NO. 2:23-mc-75-KS-MTP**

**JOHN MARTIN and BEYOND
RECOGNITION, LLC, a Delaware
limited liability company**   **DEFENDANTS**

## ORDER

This cause comes before the Court on Petition to Confirm Arbitration Award and Entry of Judgment [1] and Request for Motion Setting to Confirm Arbitration Award [3] filed by 10,052, LLC ("Petitioner"). Defendants did not respond to either the Petition or the Motion.[1] Having considered the Petition and exhibits thereto [5] and the relevant law, the Court concludes that the Request for Motion Setting shall be denied and the Petition to Confirm Arbitration Award and Entry of Judgment shall be GRANTED.

**I. BACKGROUND**

In 2012, Petitioner, 10,052, LLC, and John Martin formed Beyond Recognition, LLC, a Tennessee limited liability company.[2] [5-3]. In 2015, Martin formed Beyond Recognition, LLC, a Delaware limited liability company. On October 21, 2021, Petitioner filed a Demand for Arbitration with the United States Arbitration and Mediation against John Martin ("Martin") and Beyond Recognition, LLC ("Beyond Recognition"), the Delaware limited liability company. The demand sought damages for breach of fiduciary duty, concealment, accounting, and for a

---

[1] Defendants were served with a summons [2]. Beyond Recognition, LLC was served on 5/27/2023, making its answer due on or before 6/20/2023 [6], and John Martin was served on May 20, 2023, thereby making his answer due on or before June 13, 2023 [7]. To date, neither Defendant has responded.
[2] Also listed as a member is "Joe Howie," who is not a party to any of these proceedings.

declaratory judgment that Petitioner was the owner of certain software and entitled to the exclusive use of said software. [5-2]. Petitioner claims arose, in part, out of the Operating Agreement that formed Beyond Recognition, the Tennessee limited liability company [5-3].

The Operating Agreement provides in relevant part:

> In the event a dispute shall arise between the Members, it is hereby agreed that the dispute shall be referred to arbitration in accordance with the applicable United States Arbitration & Mediation rules of arbitration. Any arbitration will be under the jurisdiction of the State of Tennessee and take place in Shelby County, TN. The Arbitrator's decision shall be final and legally binding and judgment may be entered thereon.

*See* [5-3]. Pursuant to the applicable rules of arbitration, the Honorable Janice Holder was appointed as the sole arbitrator in this action. [5-4]. The Arbitrator conducted an evidentiary hearing on February 27, 2023, and entered an award on May 16, 2023, which was amended on May 17, 2023. [5-1]. In the Final Award, the Arbitrator found, in relevant part, as follows:

> 1. Based on my careful review of the allegations and the evidence submitted, I find in favor of Claimant, 10,052, LLC on its claims against Respondents, JOHN MARTIN and BEYOND RECOGNITION, LLC, a Delaware limited liability company, and enter compensatory damages in favor of Claimants and against Respondents in the sum of $931,500.00.
>
> 2. Prejudgment interest is awarded to Claimants at the rate of ten percent (10%) per annum in the total amount of $166,835.00. That amount is computed by using the records of OXY and Stonehill and Exhibit 50. As the revenue payments were received at different times, the prejudgment interest must be calculated for each payment. For the purposes of this calculation, the Arbitrator has used May 1, 2023, as the judgment date. Ten percent (10%) per annum was chosen based on the failure of Respondents to participate in discovery, resulting in the inability of Claimants to determine the extent of their losses attributable to Respondents' actions.
>
> 3. The Software that Beyond Recognition Delaware improperly obtained from Beyond Recognition Tennessee, shall be returned to Claimant 10,052, LLC. Claimant 10,052, LLC is entitled to sole ownership of its Software and all

derivative versions of the Software, including NOCR, Mortgage Driver, BR Visual Clustering, Cascade Collection, BR Find, and Beyond Recognition Indexing, Classification, and Glyph Recognition Software. Respondents, and anyone acting in concert with them, are hereby prohibited from the use of the Software in any way, including any works derived from the Software. This injunction applies to Respondents and any person or entity acting in concert with them, including any entity formed by them.

4. Beyond Recognition, LLC, a Tennessee limited liability company, is ordered and shall be deemed to be dissolved.

5. Costs of this arbitration in the total amount of $23,580 are assessed against Respondents. Respondents shall also pay the additional cost of the transcript in the amount of $921.25.

## II. DISCUSSION

### A. Applicable Law

Although Defendants did not respond, confirmation may not occur simply by default. Under the Federal Arbitration Act ("FAA"), applications in court related to arbitration proceedings are to be treated as motions. *See* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions...."). Thus, the Petition here is to be treated as a motion, and the Court should enter judgment based on the record. In other words, the Court treats the Petition as it would an unopposed motion for summary judgment. *D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 109 (2d Cir. 2006). While courts may consider the fact that an opposing party does not controvert any of the facts in the record, the Petition should be granted only if the record establishes that the movant is entitled to judgment as a matter of law. *See id*. at 109–10.

Under the FAA, judicial review of an arbitration award is "extraordinarily narrow." *Prescott v. Northlake Christian Sch*., 369 F.3d 491, 494 (5th Cir. 2004) (citing *Antwine v. Prudential Bache Sec., Inc*., 899 F.2d 410, 413 (5th Cir. 1990)). Indeed, with regard to a request

for an order confirming an arbitration award, the FAA provides that "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added).

**B. Analysis**

Under the Federal Arbitration Act ("FAA"):

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. In addition, the party filing a petition to confirm should include with it the agreement to arbitrate and the arbitration award. 9 U.S.C. § 13.

### 1. Compliance with Section 13 and a Valid Arbitration Agreement

The record shows that, pursuant to Section 13, Petitioner included with its Petition to Confirm a copy of the relevant Operating Agreement, containing the arbitration provision, and a copy of the Arbitrator's Amended Final Award. The Operating Agreement states that dispute between members, which Petitioner and John Martin were, "shall be referred to arbitration in accordance with the applicable United States Arbitration & Mediation rules of arbitration. Any arbitration will be under the jurisdiction of the State of Tennessee and take place in Shelby County, TN. The Arbitrator's decision shall be final and legally binding and judgment may be entered thereon. [5-3] at p. 5.

Arbitration agreements are "valid, irrevocable, and enforceable" where there is "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by

4

arbitration a controversy thereafter arising out of such contract." 9 U.S.C. § 2. Thus, the Court finds that the dispute between Petitioner and John Martin and Beyond Recognition, LLC, the Delaware limited liability company is arbitrable and governed by the FAA.[3]

### 2. Venue

Additionally, the record shows that the arbitration clause in the Operating Agreement does not specify the court in which judgment on the arbitration award may be entered. Section 9 of the FAA provides that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." The use of the permissive word "may" indicates that venue in the district where the award was made is permissive and not mandatory. *See Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). Here, although the arbitration was held in Tennessee, Petitioner is free to seek confirmation in this Court so long as there is original jurisdiction. *Badgerow v. Walters*, 212 L. Ed. 2d 355, 142 S. Ct. 1310, 1314 (2022) (citing *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

In the Petition, Petitioner invokes diversity jurisdiction under 28 U.S.C. § 1332, stating that it is a limited liability company organized under the laws of Colorado and all of its members are citizens of the State of Colorado. [1] at ¶ 2. Petitioner also states that Defendant John Martin is a citizen of the State of Mississippi and that he is the sole member of the Defendant Beyond Recognition, LLC, the Delaware limited liability company. *Id*. at ¶¶ 3, 4. The amount sought and awarded in the arbitration exceeded the jurisdictional amount of $75,000. [5-1] at p. 4.

---

[3] An alter ego is a proper party to an arbitration proceeding despite not being a signatory to the contract. *See Matter of Amberson*, 54 F.4th 240, 265 (5th Cir. 2022), reh'g denied, 57 F.4th 205 (5th Cir. 2023). The Arbitrator found that the Delaware limited liability company is the alter ego of John Martin and gave the reasons therefor. [5-1] at p. 3. There is nothing in the record to dispute that finding, and so it stands. Therefore, the Delaware limited liability was also a proper party to the arbitration.

Accordingly, the Petition was properly filed in this Court. Further, the Petition was timely filed within one year of the rendering of the Arbitrator's Amended Final Award, and therefore, the Court finds that there is no need for a hearing on this matter and that it may properly enter an order confirming the Arbitration Award pursuant to 9 U.S.C. § 9.

### 3. Confirmation of the Award

Prior to confirming the arbitration award, the Court must consider whether there are any grounds for vacating, modifying, or correcting the award. Here, there has been no claim that the subject arbitration award should be vacated, modified, or corrected. The grounds for vacating an arbitration award are set forth in 9 U.S.C. § 10, which provides:

> (a)  In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
>
> (1)  where the award was procured by corruption, fraud, or undue means;
>
> (2)  where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

As there has been no evidence of any such grounds placed in the record, the Court finds no basis upon which to modify or correct the award. The Court, having found that it may properly enter an order confirming the subject Amended Final Award pursuant to 9 U.S.C. § 9, and upon finding no bases for vacating, modifying, or correcting that award, affirms the subject Final

Amended Award in its entirety,[4] including the permanent injunction issued. *See McVay v. Halliburton Energy Servs., Inc.,* 608 Fed. App'x 222, 226 (5th Cir. 2015).

In addition, the Court notes that in its Petition, Petitioner also requests that the judgment hereon provide for post-judgment interest. [1] at p. 5. Although the Arbitrator does not mention post-judgment interest in the Amended Final Award, pursuant to 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The Court's judgment in this matter is a "money judgment" that falls within the purview of § 1961. *See Mediso Med. Equip. Developing Servs., Ltd. v. Bioscan, Inc.*, 75 F. Supp. 3d 359, 364 (D.D.C. 2014); *McVay v. Halliburton Energy Servs., Inc*., 688 F. Supp. 2d 556, 565 (N.D. Tex. 2010), *aff'd*, 608 Fed. App'x. 222 (5th Cir. 2015) ("Because a district court's confirmation of an arbitration award is equivalent, in every respect, to any other judgment entered by the court, it is also subject to post-judgment statutory interest under § 1961."). Accordingly, Petitioner is entitled to post-judgment interest at the rate provided in § 1961 from the date of this Court's judgment until the judgment is paid.

### III. CONCLUSION

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Request for Motion Setting to Confirm Arbitration Award [3] is hereby denied.

IT IS FURTHER ORDERED that Petition to Confirm Arbitration Award and Entry of Judgment [1] is hereby granted. A Final Judgment confirming the Arbitrator's Amended Final

---

[4] In the Petition, Petitioner requests that the Court award its attorneys' fees for this proceeding, but cites no contractual support or legal authority for such request. [1] at p. 5. "The FAA does not provide for attorney's fees to a party who is successful in confirming an arbitration award in federal court." *Trans Chemical Ltd. and China Nat'l Mach. Import & Export Corp*., 978 F. Supp. 266, 311 (S.D. Tex. 1997)(citing *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994)). Therefore, the request for attorneys' fees is denied.

Award and dismissing this case with prejudice shall be entered this day.

SO ORDERED AND ADJUDGED this 26th day of June 2023.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE